# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DRAKE A. EDWARDS, | : | |
| Plaintiff, | : | Case No.  3:08CV155 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| BEVERLY L. CLARK, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Drake A. Edwards, a resident of Dayton, Ohio, brings this case *pro se* against Defendant Beverly L. Clark.  Plaintiff seeks to retrieve from Clark his personal property, which he alleges is worth $100,000.00.  Accepting the truth of Plaintiff's well-pled factual allegations and construing them liberally in his favor reveals the following.

Plaintiff resided in Clark's home (or a residence she owned) from January 2007 to October 2007.  He stopped residing there after Clark told him that his wife was no longer welcome.  After he had moved out, Clark stole his child support check, signed it, and refused to return it to him.  She also refused to return a number of personal belongings, including clothing, skates, and a computer scanner ("Epson 1520").  This was especially

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

galling to Plaintiff because he had saved Clark's life in the 1990s when she tried to commit suicide.  He asks rhetorically: "And this [is] how she repay[s] me?"  (Doc. #2 at 5).

For relief, Plaintiff seeks an Order requiring Clark to return his property to him.  He also expresses concern that Clark "needs medical help" and that she does not "care about life or self." *Id*.

On May 5, 2008, the Court granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  This case is before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, 28 U.S.C. §1915(e)(2)(B) subjects it to dismissal.  *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992).

A Complaint is frivolous or malicious if it fails to raise a claim without a rational or arguable basis in fact or law.  *See Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989)); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible."  *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim

2

upon which relief may be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

In the present case, to the extent Plaintiff seeks to invoke the Court's federal question jurisdiction by raising a claim under 42 U.S.C. §1983, his allegations are insufficient to establish an actionable claim.  To state a §1983 claim, Plaintiff must allege facts showing that Clark acted under color of state law and that Clark's alleged conduct deprived him of a right secured by the Constitution or laws of the United States.  *See Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003).  It appears from the face of Plaintiff's Complaint that Clark is a private citizen, who did not act under the color of state law.  She is therefore not subject to §1983 liability.  *See Waters v. City of Morristown, Tenn.*, 242 F.3d 353, 359 (6th Cir. 2001) (citing *West v. Adkins*, 487 U.S. 42, 49-50 (1988)).

At best for Plaintiff, his Complaint might raise claims under state common law.  Yet because the Complaint does not state a federal claim, the Court should decline to exercise jurisdiction over any possible state law claims Plaintiff seeks to raise.  *See* 28 U.S.C. §1367(c)(3).

Accordingly, Plaintiff's Complaint should be dismissed under 28 U.S.C.

§1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The Court should certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith. Consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied. If so certified, Plaintiff – a non-prisoner – would remain free to apply to proceed *in forma pauperis* in the United States Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999)

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED with prejudice as to his federal claims and without prejudice as to his potential state law claims;

2. The Court certify pursuant to 28 U.S.C. §1915(a) that an appeal by Plaintiff would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* be denied; and

3. The case be terminated on the docket of this Court.


May 23, 2008  
                                                               s/ Sharon L. Ovington  
                                                                 Sharon L. Ovington  
                                                             United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).